### Joseph Hufty v. His Creditors.—Young & Leavitt, Opponents.

The right to require security, conferred by Article 3060 of the Code on the creditor, who has not consented to the respite applied for by his debtor, etc., appears to be absolute, and the creditor is not limited to a period of time beyond which he is debarred from its exercise.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
     *A. N. Ogden & Stansbury*, for *Hufty*. *Emerson & Huntington*, for opponents.

LEA, J. The only question in this case, is whether a debtor, who has obtained a forced respite, can, by a creditor who did not oppose his application for a respite, be compelled to give security that his property shall not be alienated, or if alienated, that the proceeds shall be appropriated to the payment of his debts existing at the time of the respite, and if so, in what amount. It is urged, on behalf of the debtor, that the proceedings for a respite having been homologated, amount to a judgment in his favor, granting an unconditional respite, and that the rule to furnish security not having been taken within ten days after the proceedings were had, the plaintiff is barred by the lapse of that time.

The Article 3060 of the Civil Code provides, that unless the respite is granted on the express condition that the property of the debtor is to be hypothecated for the payment of the mass of the debts, the creditors, who are obliged to abide by the will of the majority, may require that the debtor shall furnish security that the property, of which he is left in possession, shall not be alienated, or in case it is, that the money arising from the sale shall be employed in paying the debts existing at the time of the respite.  We take this to be a personal right, given for the security of the creditor, who has not given his assent to a forced respite, and one which, in the nature of things, could not be exercised by the dissenting creditor until after the majority had granted the respite. The right conferred appears to be absolute, and the creditor is not limited to a period of time beyond which he is debarred from its exercise.

It appears, however, that the debtor was compelled to give security in the sum of $5000.　The debt due to the complaining creditor does not exceed the sum of $900, and we think a bond for $1200 would be amply sufficient to secure the creditor in whose favor it is to be given; no other creditor having exacted the security provided by the Code.

It is, therefore, ordered, that the judgment appealed from be reversed, and that the rule taken on the 6th June, 1855, be made absolute, so far as to order that *Joseph Hufty* do, within ten days from the rendition of this decree, furnish bond in the sum of $1200, with one or more solvent sureties, having all the legal qualifications of judicial sureties, in favor of the appellees, that the property left in his possession shall either not be alienated, or if alienated, that the money arising from the sale shall be employed in paying the debts existing at the time of the respite.

It is further ordered, that the costs of this appeal be paid by the appellee, and the costs incurred in the District Court be paid by the appellant.